**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : |                          |
| In re:                   | : | Chapter 11               |
|                          | : |                          |
| RESMAE MORTGAGE          | : | Case No.: 07-10177 (KJC) |
| CORPORATION,             | : |                          |
| a Delaware corporation,  | : |                          |
|                          | : |                          |
|                          | : | **Re: Docket No. 491**   |
|                  Debtor. | : |                          |

### NOTICE OF APPEAL

Pursuant to Rules 8001(a) and 8002(a) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(a)(1), Merrill Lynch Bank USA ("**MLBUSA**"), Merrill Lynch Mortgage Lending, Inc. ("**MLML**") and Merrill Lynch Funding Corporation (**MLFC, and together with MLBUSA and MLML,** "**Merrill Lynch**"), by their undersigned attorneys, hereby appeal to the United States District Court for the District of Delaware from (1) the *Findings of Fact, Conclusions of Law and Order Under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bank. P. 3020 Confirming the Second Amended Plan of Reorganization of the Debtor Proposed by the Debtor and Sponsored by RMC Mortgage Holdings LLC*, dated June 5, 2007, Docket Number 491 (the "**Confirmation Order**") and (2) the ruling and decision delivered from the bench by the Bankruptcy Court on the record on June 5, 2007, pursuant to which the Bankruptcy Court, among other things, overruled the unresolved objections of Merrill Lynch to confirmation of the Second Amended Plan of Reorganization of the Debtor Proposed by the Debtor and Sponsored by RMC Mortgage Holdings LLC, dated as of April 27, 2007 [Docket No. 327] (the "**Plan**"), which unresolved objections pertained to, <u>inter alia</u>, certain releases granted by the Plan to third parties and the disallowance of interest with respect to any disputed claim reserve under the Plan.

The other parties to the Confirmation Order appealed from, and the names, addresses and telephone numbers of their attorneys are:

**RESMAE MORTGAGE CORPORATION**

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2723)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

**RMC MORTGAGE HOLDINGS LLC**

Van C. Durrer, II
Glenn S. Walter
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, No. 3400
Los Angeles, California 90071
(213) 687-5000

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
John H. Strock (No. 4965)
LANDIS RATH &COBB LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801
(302) 467-4400

- and -

Jeffrey L. Schwartz
Mark S. Indelicato
Mark T. Power
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

Dated: June 14, 2007

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas F. Driscoll III*

Robert J. Dehney (No. 3578)
Thomas F. Driscoll III (No. 4703)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone: (302) 658-9200

-and-

LOEB & LOEB, LLP
Walter H. Curchack (WC-3177)
P. Gregory Schwed (PS-0861)
Vadim J. Rubinstein (VR-5896)
345 Park Avenue
New York, New York  10154
Telephone:     (212) 407-4000
Facsimile:     (212) 407-4990

*Attorneys for Merrill Lynch Bank USA*
*Merrill Lynch Mortgage Lending, Inc. and*
*Merrill Lynch Funding Corporation*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| RESMAE MORTGAGE | : | Case No. 07-10177 (KJC) |
| CORPORATION, | : | |
| a Delaware corporation, | : | |
| | : | |
| Debtor. | : | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
UNDER 11 U.S.C. § 1129(a) AND (b) AND FED. R. BANKR. P. 3020
CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION
OF THE DEBTOR PROPOSED BY THE DEBTOR AND SPONSORED BY
RMC MORTGAGE HOLDINGS LLC DATED JUNE 5, 2007**

On June 5, 2007, the Bankruptcy Court held a hearing to consider confirmation

(the "Confirmation Hearing") of the Amended Plan of Reorganization of the Debtor

Proposed by the Debtor and Sponsored by RMC Mortgages Holdings LLC Dated

April 27, 2007 (Docket No. 327) (the "Original Plan"), as modified in the Second

Amended Plan of Reorganization of the Debtor Proposed by the Debtor and

Sponsored by RMC Mortgage Holdings LLC Dated June 5, 2007, which is attached

hereto as Exhibit A (the "Plan"),[1] filed by the above-captioned debtor and debtor in

---

[1]  Unless otherwise defined herein, capitalized terms shall have the meanings
ascribed to them in the Plan.  Any term used in the Plan or this order (the
"Confirmation Order") that is not defined in the Plan or this Confirmation
Order, but that is used in the United States Bankruptcy Code, 11 U.S.C.
§§ 101-1532 (as amended, the "Bankruptcy Code"), or the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning
ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

possession (the "Debtor"). The record of the hearing reflects all appearances that were

made by parties-in-interest and counsel.

The Bankruptcy Court has reviewed and considered each of the following:

(1)    the Original Plan, which was included in the Solicitation
         Package (defined below);

(2)    the Plan (which is attached hereto as Exhibit A), which reflects
         certain modifications to the Original Plan that do not materially
         adversely affect or change the treatment of any Claims or
         interests;

(3)    the First Amended Disclosure Statement with Respect to
         Amended Plan of Reorganization of the Debtor Proposed by the
         Debtor and Sponsored by RMC Mortgage Holdings LLC Dated
         April 27, 2007 (Docket No. 348) (the "Disclosure Statement");

(4)    the affidavit of service of the Original Plan, Disclosure
         Statement, and other solicitation materials approved by the
         Bankruptcy Court (Docket No. 388) (the "Solicitation Service
         Affidavit");

(5)    the Plan Supplement  filed by the Debtor on May 21, 2007
         (Docket No. 415) (the "Plan Supplement");

(6)    the certification of ballots and tabulation of votes prepared by
         Kurtzman Carson Consultants and filed on May 31, 2007
         (Docket No. 462) (the "Voting Report");

(7)    the following objections to confirmation of the Original Plan
         (collectively, the "Objections"):

         a.    Limited Objection of Merrill Lynch to Amended Plan of
                Reorganization Proposed by the Debtor and Sponsored by
                RMC Mortgage Holdings LLC (the "Merrill Objection")
                (Docket No. 442); and

         b.    Objection to and Joinder of LaSalle Bank National
                Association in Limited Objection of Merrill Lynch to
                Amended Plan of Reorganization Proposed by the Debtor

and Sponsored by RMC Mortgage Holdings LLC (Docket No. 442);

(8) the omnibus response of the Plan Proponents to the Objections filed on May 31, 2007 (Docket No. 455);

(9) the affidavit of Steve Glouberman (Docket No. 463) (the "Glouberman Affidavit") and declaration of Eugene S. Weil (Docket No. 464) (the "Weil Declaration") filed on May 31, 2007, in support of confirmation of the Plan;

(10) the Committee's response to the Merrill Objection (Docket 456);

(11) all other pleadings and evidence that were submitted before or at the Confirmation Hearing;

(12) the record in this Chapter 11 Case; and

(13) the arguments and representations of counsel at the Confirmation Hearing.

## Findings of Fact and Conclusions of Law

Based on its review and consideration of the materials listed above, the Bankruptcy Court makes the following findings of fact and conclusions of law. This Confirmation Order constitutes the Bankruptcy Court's findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

A. Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C.

§ 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with applicable provisions of the Bankruptcy Code and should be confirmed.

B.     Filing of Plan.  On April 27, 2007, the Debtor filed the Original Plan and the Disclosure Statement.[2]

C.     Disclosure Statement Order.  On April 27, 2007, the Bankruptcy Court entered an order (Docket No. 342) approving the Disclosure Statement as containing adequate information  pursuant to section 1125 of the Bankruptcy Code.

D.     Solicitation Procedures Order.  On April 27, 2007, the Bankruptcy Court entered an order (the "Solicitation Procedures Order") (Docket No. 340) establishing procedures for the solicitation and tabulation of votes to accept or reject the Original Plan, including approval of (1) the form of ballots for submitting votes on the Original Plan, (2) the deadline for submission of ballots, (3) the form of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"); (4) the contents of the proposed solicitation packages to be distributed to creditors and other parties-in-interest in connection with the solicitation of votes on the Original Plan (the "Solicitation Package"), (5) the proposed record date for voting on the Original Plan, and (6) certain related relief.

---

[2]    The Original Plan (a) supersedes the Plan of Reorganization of the Debtor Proposed by the Debtor and Sponsored by RMC Mortgages Holdings LLC Dated March 30, 2007, and (b) is modified as reflected in the Plan, which is attached as Exhibit A hereto.  The Disclosure Statement supersedes the Disclosure Statement with Respect to Plan of Reorganization of the Debtor Proposed by the Debtor and Sponsored by RMC Mortgages Holdings LLC Dated March 30, 2007.

E.    <u>Transmittal of Solicitation Package</u>.  In accordance with Bankruptcy
Rule 3017(d) and the Solicitation Procedures Order, and as set forth in the Solicitation
Service Affidavit, the Debtor transmitted to the appropriate parties the Confirmation
Hearing Notice, the Disclosure Statement with exhibits (including the Original Plan),
the Solicitation Procedures Order, and, as to Classes 3 (General Unsecured Claims)
and 4 (Convenience Claims) (collectively, the "Voting Classes"), a ballot and return
envelope (such ballot and envelope being referred to as a "Ballot") along with a copy
of the letter from counsel to the Creditors' Committee in support of the Original Plan
(the "Creditors' Committee Letter").

F.    <u>Voting Report</u>.  On May 31, 2007, the Debtor filed the Voting Report,
which certified the method and results of the Ballot tabulation for each of the Voting
Classes voting to accept or reject the Original Plan.

G.    <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of the
docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court and/or
its duly-appointed agent, including, without limitation, all pleadings and other
documents filed, all orders entered, and all evidence and arguments made, proffered,
or adduced at, the hearings held before the Bankruptcy Court during the pendency of
the Chapter 11 Case.

H.    <u>Transmittal and Mailing of Materials; Notice</u>.  Due, adequate, and
sufficient notice of the Disclosure Statement, the Original Plan, and the Confirmation
Hearing, along with all deadlines for voting on or filing objections to the Original

Plan, has been given to all known holders of Claims and interests in accordance with

the procedures set forth in the Solicitation Procedures Order. The Disclosure

Statement, the Original Plan, Ballots, Solicitation Procedures Order, Confirmation

Hearing Notice, and the Creditors' Committee Letter were transmitted and served in

substantial compliance with the Solicitation Procedures Order and the Bankruptcy

Rules, and such transmittal and service were adequate and sufficient. Adequate and

sufficient notice of the Confirmation Hearing and the matters described in the

Solicitation Procedures Order was given in compliance with the Bankruptcy Rules and

the Solicitation Procedures Order, and no other or further notice is or shall be required.

      I.      <u>Solicitation</u>. Votes for acceptance or rejection of the Original Plan

were solicited in good faith and complied with sections 1125 and 1126 of the

Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the

Solicitation Procedures Order, all other applicable provisions of the Bankruptcy Code,

and all other rules, laws, and regulations.

      J.      <u>Ballots</u>. All procedures used to distribute solicitation materials to the

applicable holders of Claims and interests and to tabulate the Ballots were fair and

conducted in accordance with the Solicitation Procedures Order, the Bankruptcy

Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court for the District of

Delaware, and all other applicable rules, laws, and regulations.

      K.      <u>Impaired Classes That Have Voted to Accept the Original Plan</u>. As

evidenced by the Voting Report, which certified both the method and results of the

voting, all Voting Classes have accepted the Original Plan pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code. At least one impaired class of Claims, determined without including any acceptance by an insider of the Debtor, has voted to accept the Plan.

L.    Classes Deemed to Accept the Plan. Classes 1 (Other Priority Claims) and 2 (Secured Claims) are Unimpaired under the Plan and are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

M.    Classes Deemed to Reject the Plan. The holders of Claims and interests in Classes 5 (Subordinated Claims) and 6 (Old Equity Interests) (collectively, the "Zero Distribution Classes") will not receive or retain any property under the Plan on account of such Claims or interests. The Zero Distribution Classes are therefore deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

N.    Burden of Proof. The Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code, by a preponderance of evidence, which is the applicable evidentiary standard in the Bankruptcy Court. The Bankruptcy Court also finds that the Plan Proponents have satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

O.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

7

P.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition to Administrative Claims and Priority Tax Claims, which are not required to be classified, Article III of the Plan designates five classes of Claims and one class of interests.  The Claims and interests placed in each class are substantially similar to other Claims or interests in each such class.  Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and interests created under the Plan, and such classes do not unfairly discriminate between holders of Claims or interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

Q.    <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Article III of the Plan specifies the classes of Claims and interests that are Unimpaired.  Thus, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

R.    <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article III of the Plan specifies the classes of Claims and interests that are impaired under the Plan.  Article IV of the Plan specifies the treatment of Claims in all such classes.  Thus, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

S.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment by the Debtor for each Claim in each respective class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim.  Thus, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

T.      <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for implementation of the Plan, including, without limitation, (a) establishment of the Trust and procedures for making distributions under the Plan, (b) assumption, assignment, and rejection of executory contracts and unexpired leases, (c) the continued corporate existence of Reorganized ResMAE on and after the Effective Date as a corporation under the laws of the State of Delaware pursuant to the Amended and Restated Certificate of Incorporation; (d) issuance of the New Equity Interests; (e) execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing. Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

U.      <u>Prohibition Against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6))</u>.  The Amended and Restated Certificate of Incorporation, which is included in the Plan Supplement, prohibits the issuance of nonvoting equity securities to the extent required by section 1123(a)(6) of the Bankruptcy Code.

V.      <u>Selection of Officers, Directors, and the Trustee (11 U.S.C. § 1123(a)(7))</u>.  The initial officers and directors of Reorganized ResMAE and the Trustee are identified in the Plan Supplement.  The officers and directors, whose qualifications are summarized and compensation is set forth in the Plan Supplement, were designated by the Plan Sponsor, which will own 100% of the equity securities of Reorganized ResMAE.  The Trustee, who is responsible for, <u>inter alia</u>, making

distributions under the Plan, was selected by the Creditors' Committee, which represents the interests of all creditors. Accordingly, the selection of officers and directors and the Trustee was consistent with the interests of creditors and equity security holders and with public policy. Thus, section 1123(a)(7) of the Bankruptcy Code is satisfied.

W.     Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims, (b) the disposition of executory contracts and unexpired leases, (c) the retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain Claims or causes of action against third parties, to the extent not waived and released under the Plan, (d) resolution of Disputed Claims, (e) allowance of certain Claims, (f) indemnification obligations, (g) releases by the Debtor, as debtor in possession and on behalf of the Estate, and (h) releases by holders of Claims and interests.

X.     Bankruptcy Rule 3016. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the entities submitting it. The filing of the Disclosure Statement satisfies Bankruptcy Rule 3016(b). In accordance with Bankruptcy Rule 3016(c), Section 15.8 of the Plan describes, in bolded language, the acts to be enjoined under the Plan and identifies all entities that are subject to the injunction.

Y.    Plan Proponents' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Plan Proponents have complied with applicable provisions of the Bankruptcy Code, including as provided or permitted by orders of the Bankruptcy Court, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Original Plan, the Disclosure Statement, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Original Plan.

Z.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan. The Chapter 11 Case was filed, and the Plan was proposed, with the legitimate and honest purpose of maximizing the value of the Estate for the benefit of creditors and parties-in-interest under the circumstances of this Chapter 11 Case.

AA.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of,

11

the Bankruptcy Court as reasonable.  Payments made or to be made by the Plan

Sponsor (at no cost to the Debtor or the Estate) for services or for costs and expenses in

or in connection with the Chapter 11 Case, or in connection with the Plan and incident

to the Chapter 11 Case, are hereby approved as reasonable.  Accordingly, the

requirement of section 1129(a)(4) of the Bankruptcy Code are satisfied.

       BB.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Plan

Supplement identifies the individuals that will serve as the initial officers and directors

of Reorganized ResMAE and discloses their affiliations and/or any insider status.

The selection and appointment of such officers and directors is consistent with the

interests of creditors and equity security holders and with public policy.  The

compensation to be paid to any insider that will be employed or retained by

Reorganized ResMAE has also been disclosed.  Thus, the Plan Proponents have

complied with section 1129(a)(5) of the Bankruptcy Code.

       CC.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) of the

Bankruptcy Code is satisfied because the Plan does not provide for any change in rates

over which a governmental regulatory commission has jurisdiction.

       DD.    <u>Best Interests Test (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies section

1129(a)(7) of the Bankruptcy Code.  The liquidation analysis in Appendix B to the

Disclosure Statement, the Glouberman Affidavit and the Weil Declaration, and the

evidence adduced at the Confirmation Hearing (1) are persuasive, credible, and

accurate as of the dates such evidence was prepared, presented, or proffered, (2) either

have not been controverted by other persuasive evidence or have not been challenged, (3) are based upon reasonable and sound assumptions, (4) provide a reasonable estimate of the liquidation values of the Debtor upon conversion to a case under chapter 7 of the Bankruptcy Code, and (5) establish that each holder of a Claim or interest in an impaired class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

EE.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8)).  All impaired classes have voted to accept the Original Plan.  Classes 5 (Subordinated Claims) and 6 (Old Equity Interests) are deemed to have rejected the Plan and, accordingly, confirmation is sought pursuant to section 1129(b) of the Bankruptcy Code.

FF.    Treatment of Administrative Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims under Sections 2.2 and 2.3 of the Plan, Priority Tax Claims under Section 2.4 of the Plan, and Other Priority Claims under Section 4.1 of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

GG.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).  Classes 3 (General Unsecured Claims) and 4 (Convenience Claims) are each impaired classes of Claims that have voted to accept the Original Plan, without including acceptance by any insider.  Thus, section 1129(a)(10) of the Bankruptcy Code is satisfied.

13

HH.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  The pro forma balance sheet in Appendix C to the Disclosure Statement, the Glouberman Affidavit and the Weil Declaration, and the evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any of the objections to the Original Plan, and (iii) establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or Reorganized ResMAE.

II.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  Pursuant to Section 15.10 of the Plan, on or before the Effective Date, the Debtor will pay all fees due under 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing.  After the Effective Date, the Trust will pay all such fees arising before the closing of the Chapter 11 Case except to the extent Reorganized ResMAE seeks to delay the closing of the Chapter 11 Case, in which case Reorganized ResMAE shall pay all such fees.

JJ.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable to the Plan because the Debtor does not provide retiree benefits.

KK.    Section 1129(b)/Confirmation of the Plan over Nonacceptance of Impaired Classes.  The Zero Distribution Classes are impaired classes of Claims and interests that are deemed to have rejected the Plan pursuant to section 1126(g) of the

14

Bankruptcy Code. Pursuant to section 1129(b) of the Bankruptcy Code, the Plan may

be confirmed notwithstanding the fact that not all impaired classes have voted to

accept the Plan. All of the requirements of section 1129(a) of the Bankruptcy Code

other than section 1129(a)(8), with respect to such classes, have been met. With

respect to the Zero Distribution Classes, no holders of Claims or interests junior to

Claims or interests in the Zero Distribution Classes will receive or retain any property

under the Plan on account of such Claims or interests, and, as evidenced by the

uncontroverted valuations and estimates contained in the Disclosure Statement and

put into evidence at the Confirmation Hearing, no class of Claims or interests senior to

any such classes is receiving more than full payment on account of such Claims or

interests. Accordingly, as required by section 1129(b) of the Bankruptcy Code, the

Plan is fair and equitable and does not discriminate unfairly.

LL. _Principal Purpose of Plan (11 U.S.C. § 1129(d))_. The principal

purpose of the Plan is not the avoidance of taxes or the avoidance of the application of

section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

MM. _Modifications to Original Plan_. The modifications to the Original Plan,

as reflected in the Plan (attached as Exhibit A hereto), constitute technical changes and

changes to resolve certain of the issues raised in the Objections. The modifications do

not materially adversely affect or change the treatment of any Claims or interests.

Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require

additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of

15

votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or interests be afforded an opportunity to change previously cast acceptances or rejections of the Original Plan.

NN.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  The Plan Proponents and their agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and the Solicitation Procedures Order, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 15.5 of the Plan.

OO.    Executory Contracts and Unexpired Leases.  The requirements of section 365 of the Bankruptcy Code have been or will be satisfied pursuant to Article IX of the Plan.  The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of its executory contracts and unexpired leases, and has provided adequate and sufficient notice of such assumption or rejection pursuant to the Plan.

PP.    Releases and Discharges.  The releases and discharges of Claims and interests described in Article XV of the Plan constitute good faith compromises and settlements of the matters covered thereby and are fair and necessary.  Such compromises and settlements are made in exchange for substantial contributions by the non-debtor, and are in the best interests of holders of Claims and interests, are fair, equitable, and reasonable, and are integral elements of the restructuring and resolution

16

of the Chapter 11 Case in accordance with the Plan. Each of the discharge, release, indemnification, and exculpation provisions set forth in the Plan: (1) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), (b), and (d); (2) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (3) is an integral element of the transactions incorporated into the Plan; (4) confers material benefit on, and is in the best interests of, the Debtor, its Estate, and its creditors; (5) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Chapter 11 Case with respect to the Debtor and its organization, capitalization, operation, and reorganization; and (6) is consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.

QQ.    _Conditions to Confirmation_. The conditions to confirmation set forth in Section 12.1 of the Plan have been satisfied, waived, or will be satisfied by entry of this Confirmation Order.

RR.    _Conditions to Consummation_. Each of the conditions to the Effective Date, as set forth in Section 12.2 of the Plan, is reasonably likely to be satisfied. The Effective Date shall occur and the Plan shall become effective on the first Business Day after the satisfaction or waiver of the conditions contained in the Asset Purchase Agreement and the consummation of the "Second Closing" under the Asset Purchase Agreement.

SS.    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court properly may retain jurisdiction over the matters set forth in Article XIV of the Plan.

TT.    <u>Agreements and Other Documents</u>.  The Debtor has made adequate and sufficient disclosure of (1) the adoption of new or amended and restated certificates of incorporation and bylaws or similar constituent documents for Reorganized ResMAE; (2) the distributions to be made pursuant to the Plan; (3) the issuance for distribution, in accordance with the terms of the Plan, of the New Equity Interests; (4) the adoption, execution, delivery, and implementation of all contracts, leases, instruments, releases, and other agreements or documents related to any of the foregoing; (5) the adoption, execution, and implementation of employment and indemnification agreements, and any other employee plans and related agreements; and (6) the other matters provided for under the Plan involving the corporate structure of Reorganized ResMAE.

ACCORDINGLY, THE BANKRUPTCY COURT HEREBY ORDERS THAT:

The Plan, including the modifications to the Original Plan reflected therein, is approved.  No further disclosure, solicitation, or notice with respect to the Plan shall be required.

1.    <u>Confirmation</u>.  The Plan, including the modifications to the Original Plan reflected therein, is approved and confirmed under section 1129 of the Bankruptcy Code.  The terms of the Plan, which is attached hereto as Exhibit A, and the exhibits and appendices to the Plan (including the Plan Documents) are

incorporated by reference into and are an integral part of the Plan and this

Confirmation Order.  Pursuant to section 12.2, the Effective Date shall occur and the

Plan shall become effective on the first Business Day after the satisfaction or waiver of

the conditions contained in the Asset Purchase Agreement and the consummation of

the "Second Closing" under the Asset Purchase Agreement.  Notwithstanding the

foregoing, Sections 10.3, 10.4, 12.2, 12.3, 15.3, 15.14 and Article XIII of the Plan and

any provision of the Plan necessary to consummate the transactions contemplated by

the Plan and the Asset Purchase Agreement shall be effective as of the date hereof.

Under Section 12.3 of the Plan, the Plan Sponsor has agreed to extend the deadline for

the occurrence of the Second Closing under the Asset Purchase Agreement to June 15,

2007 and such extension of the Second Closing shall automatically extend all rights

and obligations of the Debtor and the Plan Sponsor under the Asset Purchase

Agreement, the Keep Well Agreement and any other related documents for a like

period.  Attached as Exhibit E is the Budget (as defined in the Keep Well Agreement)

for the period through June 15, 2007.  The Plan Sponsor reserves the right to further

extend the deadline for the occurrence of the Second Closing under Section 12.3 of the

Plan and the Asset Purchase Agreement.

        2.      <u>Objections</u>.  All Objections to confirmation of the Plan that

have not been withdrawn, waived, or settled, and all reservations of rights included

therein, are overruled on the merits.

3.    <u>References to Plan Provisions</u>.  The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

4.    <u>The Plan Documents Will Operate as Controlling Documents</u>. In the event of an inconsistency between the Plan and the Plan Documents (as may be modified), which are contained in the Plan Supplement, the Plan Documents will control.

5.    <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

6.    <u>Plan Classification Controlling</u>.  The classification of Claims and interests for purposes of the distributions to be made under the Plan shall be

governed solely by the terms of the Plan. The classifications set forth on the Ballots

tendered to or returned by the Debtor's creditors in connection with voting on the Plan

(a) were set forth on the Ballots solely for purposes of voting to accept or reject the

Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or

otherwise affect, the actual classification of such Claims under the Plan for

distribution purposes, (c) may not be relied upon by any creditor as representing the

actual classification of such Claims under the Plan for distributions purposes, and (d)

shall not be binding on Reorganized ResMAE, the Debtor, or the Estate.

       7.    <u>Effect of Confirmation</u>. The stay contemplated by Bankruptcy

Rule 3020(e) shall not apply to this Confirmation Order. Subject to and upon

occurrence of the Effective Date in accordance with Section 12.2 of the Plan, and

notwithstanding any otherwise applicable law, the terms of the Plan (including the

Plan Documents and all documents and agreements executed pursuant to the Plan) and

this Confirmation Order will be binding upon (a) the Debtor, (b) Reorganized

ResMAE, (c) all holders of Claims against and interests in the Debtor, whether or not

impaired under the Plan and whether or not, if impaired, such holders accepted the

Plan, (d) each person receiving property under the Plan, (e) any other party-in-interest,

(f) any person making an appearance in this Chapter 11 Case, and (g) each of the

foregoing's respective heirs, successors, assigns, trustees, executors, administrators,

affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, and

guardians.

8.    <u>Continued Existence of ResMAE and Revesting of Assets</u>.
Except as otherwise provided in the Plan or Confirmation Order, on the Effective

Date, the Assumed Assets shall vest in Reorganized ResMAE, free and clear of all

Claims, liens, charges, other encumbrances, and interests other than Assumed Plan

Liabilities.  Reorganized ResMAE shall continue to exist on and after the Effective

Date as a corporation under the laws of the State of Delaware, pursuant to the

Amended and Restated Certificate of Incorporation.  On and after the Effective Date,

Reorganized ResMAE may operate its business and may use, acquire, and dispose of

property and compromise or settle any Disputed Claims that constitute Assumed

Assets or Assumed Plan Liabilities as provided in Section 5.5 of the Plan without

supervision or approval by the Bankruptcy Court and free of any restrictions of the

Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by

the Plan, the Confirmation Order, or other Final Order.

9.    <u>Succession to Assets by Reorganized ResMAE</u>. To the extent
that the succession to assets of the Debtor by Reorganized ResMAE pursuant to the

Plan is deemed to involve "transfers" of property, such transfers of property to

Reorganized ResMAE (a) are or shall be legal, valid, and effective transfers of

property; (b) vest or shall vest Reorganized ResMAE with good title to such property,

free and clear of all Claims, liens, charges, other encumbrances, and interests, except

as expressly provided in the Plan or this Confirmation Order; (c) do not and shall not

constitute avoidable transfers under the Bankruptcy Code or under applicable

22

nonbankruptcy law; and (d) do not and shall not subject Reorganized ResMAE to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

10.      Asset Purchase Agreement.  On the Effective Date, upon the terms and subject to the conditions set forth in the Asset Purchase Agreement, Reorganized ResMAE shall carry out the terms of the Asset Purchase Agreement and consummate the "Second Closing" (as defined in the Asset Purchase Agreement), and Reorganized ResMAE shall issue and deliver to the Plan Sponsor all of the New Equity Interests.

11.      Cancellation of Old Equity Interests.  Pursuant to Section 6.4 of the Plan, on the Effective Date, the Old Equity Interests shall be deemed cancelled without further act or action under any applicable agreement, law, regulation, order, or rule, and the obligations of the Debtor thereunder shall be discharged and released.

12.      Discharge, Exculpation and Limitation of Liability, and Indemnification.  The discharge of the Debtor provided in Section 15.1 of the Plan, the exculpations and limitations of liability set forth in Section 15.5 of the Plan, and the releases set forth in Sections 15.6 and 15.7 of the Plan are deemed incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

13.    <u>Injunction</u>.  The satisfaction and release pursuant to Article XV of the Plan shall also act as a permanent injunction against any person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim or Rights of Action satisfied or released under the Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.  Without limiting the foregoing, except as otherwise specifically provided in the Plan and except as may be necessary to enforce or remedy a breach of the Plan, the Debtor, and all persons who have held, hold, or may hold Claims or interests and any successors, assigns, or representatives of the foregoing shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind with respect to any Claim, interest, or any other right or Claim against Reorganized ResMAE, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order with respect to any Claim, interest, or any other right or Claim against Reorganized ResMAE, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, interest, or any other right or Claim against Reorganized ResMAE, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims that are released hereby.

14.    <u>Term of Injunctions or Stays</u>.  Pursuant to Section 15.3 of the Plan, all injunctions or stays in effect in the Chapter 11 Case, either by virtue of Sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, shall remain in full force and effect until the Effective Date, unless otherwise provided therein.

15.    <u>Termination of Creditors' Committee's Duties</u>.  Pursuant to Section 15.4 of the Plan, on the Effective Date, the duties of the Creditors' Committee shall terminate, except with respect to any pending appeal of an order entered in the Chapter 11 Case and the prosecution of Professional Fee Claims.

16.    <u>Matters Relating to Implementation of the Plan; General Authorizations</u>.  The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor or Reorganized ResMAE or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.  In addition to the authority to execute and deliver, adopt, assign, or amend, as the case may be, the contracts, leases, instruments, releases, and other agreements specifically granted in this Confirmation Order, the Debtor and Reorganized ResMAE are authorized and empowered, without action of their respective stockholders or boards of directors, to take any and all such actions as any of their executive officers may determine are necessary or appropriate to implement, effectuate, and consummate any

and all documents or transactions contemplated by the Plan or this Confirmation

Order.  Pursuant to section 1142 of the Bankruptcy Code, no action of the stockholders

or boards of directors of the Debtor or Reorganized ResMAE shall be required for the

Debtor or Reorganized ResMAE to (a) enter into, execute and deliver, adopt, or

amend, as the case may be, any of the contracts, leases, instruments, releases, and

other agreements or documents and plans to be entered into, executed and delivered,

adopted, or amended in connection with the Plan, and, following the Effective Date,

each of such contracts, leases, instruments, releases, and other agreements shall be a

legal, valid, and binding obligation of Reorganized ResMAE and enforceable against

Reorganized ResMAE in accordance with its terms; (b) adopt the Amended and

Restated Certificate of Incorporation and file same with the Delaware Secretary of

State; (c) issue the New Equity Interests (upon such issuance, all such shares shall be

duly authorized and validly issued, fully paid, nonassessable, and not subject to

pre-emptive or similar or similar rights of third parties); or (d) authorize Reorganized

ResMAE to engage in any of the activities set forth in this paragraph or otherwise

contemplated by the Plan.  Each of (w) the Chairman, (x) the President, (y) the

Executive Vice President (Origination Sales), and (z) Executive Vice President and

General Counsel of Reorganized ResMAE, or their respective designees, is authorized

to execute, deliver, file, or record such contracts, instruments, releases, indentures, and

other agreements or documents, and take such actions as may be necessary or

appropriate to effectuate or further evidence the terms and conditions of the Plan, this

Confirmation Order, and any and all documents or transactions contemplated by the Plan or this Confirmation Order, all without further application to or order of the Bankruptcy Court and whether or not such actions or documents are specifically referred to in the Plan, the Disclosure Statement, the Solicitation Procedures Order, this Confirmation Order, or the exhibits and appendices to any of the foregoing, and the signature of such officer on a document shall be conclusive evidence of the officer's determination that such document and any related actions are necessary and appropriate to effectuate or further evidence the terms and conditions of the Plan, this Confirmation Order, or other documents or transactions contemplated by the Plan or this Confirmation Order. The Secretary or any assistant Secretary of the Debtor or Reorganized ResMAE is authorized to certify or attest to any of the foregoing actions. Pursuant to section 1142 of the Bankruptcy Code, to the extent that, under applicable nonbankruptcy law, any of the foregoing actions otherwise would require the consent or approval of the stockholders or the boards of directors of the Debtor or Reorganized ResMAE, this Confirmation Order shall constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the stockholders and directors of the Debtor or Reorganized ResMAE.

   17. <u>Directors and Officers of Reorganized ResMAE</u>.  The Bankruptcy Court approves the appointment of the officers and directors of Reorganized ResMAE, as disclosed in the Plan Supplement, as of and immediately following the Effective Date. Each such director and officer shall serve from and after

the Effective Date until his or her successor is duly elected or appointed and qualified, or until such director's or officer's earlier death, resignation, or removal, in accordance with the terms of the Plan, the Amended and Restated Bylaws, the Amended and Restated Certificate of Incorporation, or similar constituent documents of the Debtor, and applicable law.

18.    Indemnification Obligations to Officers, Directors, and Employees.  Pursuant to Section 11.5 of the Plan, the Debtor's obligations to indemnify its officers, directors, and employees serving as such on or after the Petition Date through the occurrence of the Effective Date under its certificates of incorporation, by laws, employee indemnification policies, state law, or any agreement shall survive and be unaffected by the Plan's confirmation, regardless of whether the right to indemnification arose before or after the Petition Date and shall become Assumed Plan Liabilities.  All indemnification obligations of the Debtor to former officers, directors, and employees of the Debtor that are no longer serving in such capacities on the Effective Date shall be released, terminated, and discharged on and as of the Effective Date.

19.    Exemption from Certain Taxes and Recording Fees.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security, or the making or delivery of any instrument of transfer under, or in connection with, the Plan shall not be taxed under any law imposing a stamp tax or similar tax.  Furthermore, and without limiting the foregoing, any transfers from the

Debtor to Reorganized ResMAE or to any other person pursuant to the Plan will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles tax, sales or use tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment. All filing or recording officers (or any other person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. The Bankruptcy Court shall retain specific jurisdiction with respect to these matters.

20. <u>Executory Contracts and Unexpired Leases</u>. Executory contracts and unexpired leases shall be treated as set forth in Article XI of the Plan. Each pre- or post-Confirmation assumption or rejection of an executory contract or unexpired lease pursuant to Article XI of the Plan shall be legal, valid, and binding upon the Debtor or Reorganized ResMAE and all non-Debtor parties to such executory contracts or unexpired leases, all to the same extent as if such assumption or rejection had been effectuated pursuant to an appropriate authorizing order of the Bankruptcy Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

21.  <u>Assumption</u>.  As of the Effective Date, the executory contracts and unexpired leases on the Assumed Contract List shall be deemed assumed by Reorganized ResMAE pursuant to section 365 of the Bankruptcy Code.  Each of the executory contracts and unexpired leases on the Assumed Contract List shall be assumed only to the extent that any such contract or lease constitutes an executory contract or unexpired lease.  As set forth in Section 11.1 of the Plan, the Plan Sponsor shall have the right to amend the Assumed Contract List at any time before the Effective Date.  For the avoidance of doubt, the reference to "Cigna – Dental Insurance" on the Assumed Contract List includes all Dental Health Benefit Contracts/Agreements with Connecticut General Life Insurance Company and/or various subsidiaries of CIGNA Dental Health, Inc. associated with CIGNA customer account # 3215752.

22.  <u>Rejection</u>.  The executory contracts and unexpired leases on the Rejected Contract List shall be deemed rejected pursuant to section 365 of the Bankruptcy Code effective as of the respective effective dates of rejection set forth in the Rejected Contract List.  As set forth in Section 11.1 of the Plan, the Plan Sponsor shall have the right to amend the Rejected Contract List at any time before the Effective Date.  Other than with respect to executory contracts or unexpired leases that have been assumed or rejected by order of the Bankruptcy Court prior to the Confirmation Date, any executory contract or unexpired lease to which the Debtor is a party that does not appear on the Assumed Contract List shall be deemed rejected as of

30

the Effective Date, unless the Rejected Contract List specifies a different effective date of rejection.

23.    <u>Notice of Assumption or Rejection</u>.  Within five (5) Business Days after the Confirmation Date, the Debtor shall file with the Bankruptcy Court and serve, by first class mail, postage prepaid, notice of assumption or rejection, the Cure Objection Deadline, and the Rejection Damages Deadline, substantially in the form attached hereto as Exhibit B (the "Notice of Assumption/Rejection"), to counter-parties to the executory contracts and unexpired leases set forth in the Assumed Contract List and the Rejected Contract List.  Mailing of the Notice of Assumption/Rejection in accordance with this paragraph constitutes adequate and sufficient notice of the assumption and rejection of executory contracts and unexpired leases under the Plan, the Cure Objection Deadline, the Rejection Damages Deadline, and deadline to make a Section 365(n) election.

24.    <u>Payments Related to Assumption of Contracts and Leases</u>. Pursuant to Section 11.2 of the Plan, any monetary amounts by which any executory contract or unexpired lease on the Assumed Contract List to be assumed under the Plan is in default will be satisfied by Cure out of the Trust Property.  Any objections to assignment, based on Cure, "adequate assurance of future performance," or otherwise, must be filed by the Cure Objection Deadline and will be resolved in accordance with the procedures set forth in Section 11.2 of the Plan.  Pursuant to Section 1.28 of the Plan, the Cure Objection Deadline will be the 45th day after the Confirmation Date.

31

25.    <u>Rejection Damages Deadline</u>.  Pursuant to Section 11.3 of the Plan, (a) Rejection Damages Deadline shall be the 45th day after the Confirmation Date, and (b) any claim arising from the rejection of an executory contract or lease under the Plan that is not filed by the Rejection Damages Deadline is waived and shall be forever barred.

26.    <u>Deadline for 365(n) Election</u>.  Pursuant to Section 11.4 of the Plan, if the rejection of an executory contract under the Plan gives rise to the right by the other party to such contract to make an election under section 365(n) of the Bankruptcy Code either to treat such contract as terminated or to retain its rights under such contract, the other party to the contract will be deemed to elect to treat the contract as terminated unless the other party, within 45 days after the service of notice that the executory contract has been rejected, files and serves on Reorganized ResMAE and its counsel and on the Trustee and its counsel a notice of its alternative election.

27.    <u>Professional Fees; Substantial Contribution, and Committee Reimbursement Claims</u>.  Applications for Professional Fee Claims, Substantial Contribution Claims, and Committee Reimbursement Claims must be filed and served on Reorganized ResMAE and the Trustee no later than the Administrative Claims Bar Date (which, pursuant to Section 1.2 of the Plan, shall be the date that is 45 days after the Effective Date).  The Trustee shall schedule a hearing as promptly as practicable to consider all applications so filed and shall give notice thereof and of the date to file

32

objections thereto in accordance with Bankruptcy Rule 2016 as modified by the Local

Rules or an order of the Court.  The Trustee, as Disbursing Agent, shall pay each such

Professional Fee Claim, Substantial Contribution Claim, and Committee

Reimbursement Claim as soon as practicable after its allowance by the Bankruptcy

Court.  Notwithstanding the foregoing, any entity entitled to receive compensation or

reimbursement of expenses under an order of the Bankruptcy Court may continue to

receive that compensation or reimbursement for fees and expenses incurred through

the Effective Date without further order of the Bankruptcy Court.

      28.    Other Administrative Claims.  Pursuant to Section 1.2 of the

Plan, the Administrative Claims Bar Date shall be the date that is 45 days after the

Effective Date.  A request for payment or allowance of an Administrative Claim

("Request for Payment") must be filed with the Clerk of the Bankruptcy Court and

served upon (i) counsel to the Plan Sponsor, Skadden, Arps, Slate, Meagher & Flom

LLP, 300 South Grand Ave., Los Angeles, CA 90071, Attn: Van C. Durrer, II, Esq.,

and  (ii) counsel to the Liquidating Trustee, Hahn & Hessen LLP, 448 Madison Ave.,

14th and 15th Floor, New York, NY 10022, Attn: Mark T. Power, Esq., such as to be

actually received on or before the Administrative Claims Bar Date.  An entity does not

need to file a Request for Payment if its claim has been paid or previously allowed by

an order of the Bankruptcy Court.  Any entity that is required to file a Request for

Payment but that fails to do so by the Administrative Claims Bar Date shall be forever

barred, estopped and enjoined from asserting an administrative expense claim against

the Debtor or Reorganized Debtor or receiving any distributions under the Plan. Each

holder of an Allowed Administrative Claim shall be paid in full in cash as soon as

practicable after its allowance by the Bankruptcy Court. Notwithstanding the

foregoing and except as provided in Section 2.3 of the Plan or by a Final Order, the

Debtor may pay, in the ordinary course of business, any undisputed Administrative

Claim based on a liability incurred in the ordinary course of business after the Petition

Date, in accordance with the terms and conditions of any agreement relating thereto.

Section 2.3 of the Plan and paragraph 27 above govern the payment of Professional

Fee Claims, Substantial Contribution Claims, and Committee Reimbursement Claims.

29.    The Trust. On the Effective Date, the Trust Agreement shall be

executed (substantially in the form included in the Plan Supplement with such

non-material modifications as the parities may agree) and the Trust shall be created.

Title to and possession of the Trust Property, subject to the Excluded Liabilities, shall

be deemed transferred and delivered to the Trust without further act or action under

any applicable agreement, law, regulation, order, or rule of law. Alan M. Jacobs shall

be appointed as the initial Liquidating Trustee on the Effective Date. The Trust shall

be administered by the Trustee in accordance with Article VIII of the Plan.

30.    The Oversight Committee. The Oversight Committee

appointed in accordance with section 8.5 of the Plan shall constitute a representative of

holders of Class 3 Claims, formed for the purpose, inter alia, of monitoring the

implementation of the Plan, supervising the activities of the Trust, and monitoring the

34

distributions to holders of Allowed Claims under the Plan. The Oversight Committee shall operate in accordance with Article IX of the Plan.

31. <u>Distribution Reserve</u>. On the Effective Date, the Disbursing Agent shall establish a Distribution Reserve from the Trust Property on account of Disputed Claims and shall administer the Distribution Reserve in accordance with Section 7.3 of the Plan.

32. <u>Distributions on Allowed Claims</u>. Claims shall be resolved in accordance with Article V of the Plan. Distributions shall be made in accordance with the terms of the Plan, including Article VII thereof. Pursuant to Section 6.6 of the Plan, (a) distributions of cash to each holder of an Allowed Claim (other than Priority Tax Claims) shall be made on the latest of (i) the Distribution Date, (ii) the date on which it becomes an Allowed Claim, or (iii) the date on which it would have been due if the Chapter 11 Case had not been commenced (without regard to any purported acceleration of the Claim), and (b) except as otherwise provided herein or in the Plan, each Allowed Priority Tax Claim will be paid at the Trustee's option (i) on the latest of (a) the Distribution Date, (b) the date on which it becomes an Allowed Claim, or (c) the date on which it would have been due if the Chapter 11 Case had not been commenced (without regard to any purported acceleration of the claim), or (ii) to the extent permitted under section 1129(a)(9) of the Bankruptcy Code, over five years from the Petition Date in equal annual installments, including interest on the unpaid

35

portion of the claim, accruing from the Effective Date calculated at the short term AFR (as defined in 26 U.S.C. § 1274(d)) plus 3%, fixed as of the Effective Date.

33.    Binding Effect.  The Plan shall be binding on and inure to the benefit of the Debtor, all present and former holders of Claims against and interests in the Debtor, their respective successors and assigns, including Reorganized ResMAE, and all other parties-in-interest in the Chapter 11 Case.  The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of that entity.

34.    Authorization to Consummate Plan.  The Bankruptcy Court authorizes the Debtor, Reorganized ResMAE, and the Trustee to consummate the Plan after entry of this Confirmation Order.  The Debtor, Reorganized ResMAE, and the Trustee are authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, documents, instruments of transfer, uniform commercial code financial statements, trust agreements, mortgages, indentures, security agreements, and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan, all transactions contemplated by the Plan, and all other agreements related thereto.

35.    Failure to Consummate Plan and Substantial Consummation.  If consummation of the Plan does not occur, then the Plan, any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount

36

certain any Claim or class of Claims), the assumption or rejection of executory contracts or leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be null and void.  In such event, nothing contained in the Plan or this Confirmation Order, and no acts taken in preparation for consummation of the Plan, shall (a) constitute a waiver or release of any Claims by or against or interests in the Debtor or any other person, (b) prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor, (c) constitute an admission of any sort by the Debtor or any other person, or (d) be construed as a finding of fact or conclusion of law with respect thereto.  Upon the occurrence of the Effective Date, the Plan shall be deemed substantially consummated as to the Debtor.

36.    Retention of Jurisdiction.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, among other items and matters, jurisdiction over those items and matters set forth in Article XIV of the Plan.

37.    Notice of Entry of Confirmation Order and Occurrence of Effective Date.

(a)    Within five (5) Business Days after the Confirmation Date, the Debtor shall file with the Bankruptcy Court and serve, by first class mail, postage prepaid, notice of entry of this Confirmation Order, substantially

37

in the form attached hereto as Exhibit C (the "Notice of Confirmation Date") on the following parties (collectively, the "Notice Parties"): (i) all persons or entities that have filed proofs of claim or interest on or before the Record Date; (ii) all persons or entities listed in the Schedules as holding liquidated, noncontingent, undisputed claims of the Record Date; (iii) all other known holders of claims against or interests in the Debtor, if any, as of the Record Date; (iv) the counter-parties to the executory contracts and unexpired leases set forth in the Assumed Contract List and the Rejected Contract List, (v) all parties in interest that have filed noticed in accordance with Bankruptcy Rule 2002 on or before the Record Date, and (vi) the United States Trustee.

(b)     Within five (5) Business Days after the Effective Date, the Debtor shall file with the Bankruptcy Court and serve, by first class mail, postage prepaid, notice of occurrence of the Effective Date of the Plan, and the Administrative Claims Bar Date, substantially in the form attached hereto as Exhibit D (the "Notice of Effective Date"), on the Notice Parties. Within ten (10) Business Days after the Effective Date, the Debtor shall publish the Notice of Effective Date in the national edition of the Wall Street Journal.

(c)     No notice or service of any kind shall be required to be mailed or made upon any person to whom the Debtor mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," or "forwarding order

expired," or similar reason, unless the Debtor has been informed in writing by such person, or is otherwise aware, of that person's new address.

(d)      Mailing of the Notice of Confirmation Date and Notice of Effective Date and publication of the Notice of Effective Date in the time and manner set forth herein is good and sufficient under the particular circumstances and the requirements of Bankruptcy Rules 2002 and 3020(c).

38.    <u>Modifications to Plan</u>.  The modifications to the Original Plan, as reflected in the Plan (which is attached as Exhibit A hereto) are approved and no further disclosure, solicitation, or notice with respect to the Plan shall be required. Subject to their obligations under the Asset Purchase Agreement and the Sale Order, the Plan Proponents may modify the Plan after its confirmation, including the Plan Documents, to the fullest extent permitted under Section 1127 of the Bankruptcy Code.

Dated:  Wilmington, Delaware
       June 5, 2007

                                Honorable Kevin J. Carey
                                United States Bankruptcy Judge